# Exhibit 2

Return date stamped

15TH JUDICIAL DISTRICT COURT FOR THE PARISH OF VERMILION

STATE OF LOUISIANA

DOCKET NO. 102156 DIV. B

KEITH STUTES, DISTRICT ATTORNEY FOR THE 15TH JUDICIAL DISTRICT OF THE STATE OF LOUISIANA

VERSUS

GULFPORT ENERGY CORPORATION, HILCORP ENERGY COMPANY, JONES COMPANY, LTD., LLOG EXPLORATION & PRODUCTION COMPANY, L.L.C., LOUISIANA ENERGY PRODUCTION, L.L.C., OPMI OPERATING COMPANY, ROGERS OIL COMPANY, TEXAS PETROLEUM INVESTMENT COMPANY, AND UNION OIL COMPANY OF CALIFORNIA

FILED: ______________________ ______________________

DEPUTY CLERK

---

**PETITION FOR DAMAGES**
**TO THE**
**VERMILION PARISH COASTAL ZONE**

**NOW INTO COURT** come plaintiffs, through undersigned counsel, to allege the following:

**PARTIES PLAINTIFF AND DEFENDANT**

**1.**

The Plaintiffs are: (1) KEITH STUTES, District Attorney for the 15th Judicial District of the State of Louisiana, and (2) the State of Louisiana *ex rel.* KEITH STUTES (together, "**Plaintiffs**"). As shown more fully below, KEITH STUTES, in his capacity as District Attorney for the 15th Judicial District of the State of Louisiana, is authorized by state statute to bring appropriate actions on his own behalf and in the name of the State of Louisiana for enforcement of the State and Local Coastal Resources Management Act of 1978, as amended (La. R.S. 214.21, *et seq*., hereinafter, the "**CZM Act of 1978**"), and the applicable regulations, rules, orders and ordinances promulgated or adopted thereunder by the State or Vermilion Parish, as amended (hereinafter, collectively and together with the CZM Act of 1978, the "**CZM Laws**").

**2.**

Made defendants herein are the following entities (collectively, "**Defendants**"):

**GULFPORT ENERGY CORPORATION**, a foreign corporation whose registered agent, David L. Patron, is located c/o Phelps Dunbar LLP, 365 Canal Street, Suite 2000, New Orleans, LA 70130-6534. Gulfport Energy Corporation is named in its own capacity and as successor to **Tesla Resources, Inc.** and **WRT Energy Corporation;**

**HILCORP ENERGY COMPANY**, a foreign corporation whose registered agent, C T Corporation System, is located at 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816;

**JONES COMPANY, LTD.**, a foreign limited partnership whose registered agent, Jones-Tucker Corporation, is located at 216 Hill Street, Albany, Texas 76430. Jones Company, Ltd. is named in its own capacity and as successor to **Jones Company** and **Jones Exploration Company**;

**LLOG EXPLORATION & PRODUCTION COMPANY, L.L.C.**, a domestic limited liability company whose registered agent, Kemberlia K. Ducote, is located at 1001 Ochsner Boulevard, Suite 200, Covington, Louisiana 70433;

**LOUISIANA ENERGY PRODUCTION, L.L.C.**, a domestic limited liability company whose registered agent, Ted M. Anthony, is located at 600 Jefferson Street, Suite 1200, Lafayette, Louisiana 70501;

**OPMI OPERATING COMPANY**, a foreign corporation whose registered agent, Clinton Todd Harwell, is located at 3050 Post Oak Boulevard, Suite 500, Houton, Texas 77056;

**ROGERS OIL COMPANY**, a domestic corporation whose registered agent, C. William Rogers, is located at 107 Whitcomb Road, Lafayette, Louisiana 70503;

**TEXAS PETROLEUM INVESTMENT COMPANY**, a foreign corporation whose registered agent, Patrick S. Ottinger, is located at 1313 West Pinhook Road, Lafayette, Louisiana 70503; and

**UNION OIL COMPANY OF CALIFORNIA**, a foreign corporation whose registered agent, Corporation Service Company, is located at 501 Louisiana Avenue, Baton Rouge, Louisiana 70802. Union Oil Company of California is named in its own capacity and as successor to **Union Exploration Partners, Ltd.** and **Unocal Exploration Corporation**.

## AREAL EXTENT OF COMPLAINED-OF OPERATIONS

3.

In general, Plaintiffs allege below that certain of Defendants' oil and gas exploration, production and transportation operations associated with the development of the Tigre Lagoon Oil & Gas Field in Vermilion Parish were conducted in violation of the CZM Laws and that these activities caused substantial damage to land and waterbodies located in the "**Coastal Zone**" (hereinafter so called), as defined by the CZM Act of 1978, within Vermilion Parish. A map of the entire Louisiana Coastal Zone is attached hereto as Exhibit A.

In the detailed allegations that follow, the term "**Operational Area**" (hereinafter so called) is used to describe the geographic extent of the area within which the complained-of operations and activities occurred. On information and belief, the areal extent of the Operational Area is identified on the maps contained in Exhibit B attached hereto.

## JURISDICTION, VENUE, AND STATUTORY AND REGULATORY FRAMEWORK

4.

The CZM Act of 1978 states that it is the public policy of the state "[t]o protect, develop, and where feasible, restore or enhance the resources of the state's coastal zone." La. R.S. 49:214.22(1).

5.

Louisiana's Coastal Zone is specifically defined in La. R.S. 49:214.24(5). *See* Exhibit A. The Coastal Zone includes "the coastal waters and adjacent shorelands within the boundaries of the coastal zone . . . ." The term "coastal waters" includes "bays, lakes, inlets, estuaries, rivers, bayous, and other bodies of water within the boundaries of the coastal zone which have measurable seawater content (under normal weather conditions over a period of years)." La. R.S. 49:214.23(4).

6.

The Operational Area is located in Vermilion Parish and within the Coastal Zone, and therefore certain activities within the Operational Area are governed by the CZM Laws.

7.

The CZM Laws regulate certain "*uses*" within the Coastal Zone. La. R.S. 49:214.30 states that "[n]o person shall commence a use of state or local concern without first applying for and receiving a coastal use permit." A map of the coastal use permits known to have been issued for work within the Operational Area is attached hereto as Exhibit C. A list of those coastal use permits is attached hereto as Exhibit D. The term "use" is defined at La. R.S. 49:214.23(13) as "any use or activity within the coastal zone which has a direct and significant impact on coastal waters." "Uses of state concern" are defined as:

> "Those uses which directly and significantly affect coastal waters and which are in need of coastal management and which have impacts of greater than local significance or which significantly affect interests of regional, state, or national concern. Use of state concern shall include, but not be limited to:
>
> (a) Any dredge or fill activity which intersects with more than one water body.
>
> (b) Projects involving use of state owned lands or water bottoms.
>
> * * *
>
> (f) All mineral activities, including exploration for, and production of oil, gas, and other minerals, all dredge and fill uses associated therewith, and all other associated uses.
>
> (g) All pipelines for the gathering, transportation or transmission of oil, gas and other minerals.
>
> (h) Energy facility siting and development."

(La. R.S. 49:214.25(A)(1)).

8.

"Uses of local concern" are defined as:

> "Those uses which directly and significantly affect coastal waters and are in need of coastal management but are not uses of state concern and which should be regulated primarily at the local level if the local government has an approved program. Uses of local concern shall include, but not be limited to:

(a) Privately funded projects which are not uses of state concern.

* * *

(c) Maintenance of uses of local concern.

* * *

(e) Dredge or fill projects not intersecting more than one water body.

* * *

(i) Maintenance dredging.

* * *

(k) Uses on cheniers, salt domes, or similar land forms."

(La. R.S. 49:214.25(A)(2)).

**9.**

Enforcement of the CZM Laws is within the authority, *inter alia*, of an appropriate district attorney. La. R.S. 49:214.36D. Mr. Stutes is the District Attorney for the 15th Judicial District of the State of Louisiana, which judicial district includes Vermilion Parish.

**10.**

Paragraph D of La. R.S. 49:214.36 states that "[t]he secretary [of the LDNR], the attorney general, an appropriate district attorney, or a local government with an approved program may bring such injunctive, declaratory, or other actions as are necessary to ensure that no uses are made of the coastal zone for which a coastal use permit has not been issued when required or which are not in accordance with the terms and conditions of a coastal use permit." Accordingly, the Mr. Stutes is authorized under the provisions of La. R.S. 49:214.36 to bring appropriate actions on his own behalf and in the name of the State of Louisiana for enforcement of the CZM Laws within Vermilion Parish. Plaintiffs are empowered to bring declaratory, civil damages, or other actions as are necessary to ensure that no uses of state or local concern "are made of the coastal zone for which a coastal use permit has not been issued when required or which are not in accordance with the terms and conditions of a coastal use permit." La. R.S. 49:214.36(D); La. R.S. 16:2D.

**11.**

Paragraph E of La. R.S. 49:214.36 states that "[a] court may impose civil liability and assess damages; order, where feasible and practical, the payment of the restoration costs; require, where feasible and practical, actual restoration of areas disturbed; or otherwise impose reasonable

and proper sanctions for uses conducted within the coastal zone without a coastal use permit where a coastal use permit is required or which are not in accordance with the terms and conditions of a coastal use permit. The court in its discretion may award costs and reasonable attorney's fees to the prevailing party."

**12.**

Paragraph G of La. R.S. 49:214.36 states that "[a]ny action pursuant to this Section… must be brought in any parish in which the use or activity is situated."

**13.**

Venue for this action in this district is proper under La. R.S. 49:214.36(G). Plaintiffs are the proper parties to bring the causes of action set forth herein pursuant to La. R.S. 49:214.36(D).

**14.**

Defendants have engaged in uses of state and local concern in Vermilion Parish within the Operational Area in violation of La. R.S. 49:214.21, *et seq*.

**15.**

The Louisiana CZM Laws require the secretary of the LDNR to develop a coastal management program and guidelines to further the policies and goals of La. R.S. 49:214.21, *et seq*. The adopted guidelines shall be followed in the development of the state program and local programs and shall serve as criteria for the granting, conditioning, denying, or modifying of coastal use permits. One of the goals of the guidelines is the "careful consideration of the impacts of uses on water flow, circulation, quantity, and quality and require that the discharge or release of any pollutant or toxic material into the water or air of the coastal zone be within all applicable limits established by law, or by federal, state, or local regulatory authority." La. R.S. 49:214.27(3).

**16.**

The state coastal management regulations contemplated by La. R.S. 49:214.21, *et seq.*, are codified at LAC 43:I.700, *et seq*. These state regulations provide that coastal use permits required by La. R.S. 214.30 are *in addition to* "any other permit or approval required or established pursuant to any other constitutional provision or statute." LAC 43:I.700. These state regulations further provide that "[m]ineral and production sites shall be cleared, revegetated, detoxified, and otherwise restored as near as practicable to their original condition upon termination of operations to the

maximum extent practicable." LAC 43:I.719.M. As discussed below, Defendants have failed to clear, revegetate, detoxify, and restore the mineral and production sites and other areas affected by their operations and activities within the Operational Area to their original condition, as required by LAC 43:I.719.M. Defendants are liable to Plaintiffs under the CZM Laws for all damages associated with their failure to adhere to LAC 43:I.719.M.

**17.**

The coastal zone regulations further require that "[d]rilling and production sites shall be prepared, constructed, and operated using the best practical techniques to prevent the release of pollutants or toxic substances into the environment." LAC 43:I.719.F. These regulations also require that:

- "[t]he location and operation of waste storage, treatment, and disposal facilities shall be avoided in wetlands to the maximum extent practicable, and best practical techniques shall be used to minimize adverse impacts which may result from such use." LAC 43:I.715.A
- "[w]aste facilities located in wetlands shall be designed and built to withstand all expectable adverse conditions without releasing pollutants." LAC 43:I.715.C.
- "[w]aste facilities shall be designed and constructed using best practical techniques to prevent leaching, control leachate production, and prevent the movement of leachate away from the facility." LAC 43:I.715.D.
- "[a]ll waste disposal sites shall be marked and, to the maximum extent practicable, all components of waste shall be identified." LAC 43:I.715.F.
- "[w]aste facilities in wetlands with identifiable pollution problems that are not feasible and practical to correct shall be closed and either removed or sealed, and shall be properly revegetated using the best practical techniques." LAC 43:I.715.G.
- "[w]aste shall be disposed of only at approved disposal sites." LAC 43:I.715.H.

- "[r]adioactive wastes shall not be temporarily or permanently disposed of in the coastal zone." LAC 43:I.715.I.

As alleged below, the operations and activities of Defendants within the Operational Area have resulted in the release of contaminants, pollutants, waste, leachate, and toxic substances into the environment and away from the operated facilities, all in violation of LAC 43:I.715.A through I and LAC 43:I.719.F. Furthermore, the drilling and production sites and waste facilities of Defendants within the Operational Area were not built to withstand all expectable adverse conditions without releasing pollutants, were not prepared using best practical techniques to prevent the release of pollutants or toxic substances, and were not designed and constructed to prevent leaching, control leachate production, or prevent the movement of leachate away from the facility. Defendants are liable for all damages resulting from their violation of the CZM Laws.

**18.**

Finally, the state coastal zone regulations prohibit the temporary or permanent disposal of radioactive wastes in the coastal zone. LAC 43:I.715.I. The operations and activities of Defendants in the Operational Area have resulted in the disposal of radioactive materials, including radium 226, radium 228, and naturally occurring radioactive materials (NORM), for which Defendants are liable.

***FACTUAL ALLEGATIONS***

**19.**

Defendants drilled and/or operated numerous oil and gas wells within the Operational Area. A map showing the oil and gas wells within the Operational Area is attached hereto as <u>Exhibit E</u>. A list of the oil and gas wells drilled and/or operated by each Defendant is attached hereto as <u>Exhibit F</u>. The operations and activities of Defendants alleged in this petition to be in violation of the CZM Laws were conducted (or are being conducted) to enable or support the drilling and operation of the oil and gas wells listed on <u>Exhibit F</u>.

**20.**

The oil and gas operations and activities of Defendants in the Operational Area included the construction and use of unlined earthen waste pits, which are simply holes, ponds, or excavations dug into the ground or marsh. Many of these waste pits have never been closed or

have not been closed in conformance with the state and local CZM Laws and other applicable state environmental laws and regulations, including Statewide Order 29-B and the Louisiana Risk Evaluation/Corrective Action Program (RECAP).

**21.**

The use of waste pits in the Operational Area has a direct and significant impact on state coastal waters located within Vermilion Parish, and thus each such pit required a coastal use permit after the enactment of the CZM Act of 1978. To the extent that, contrary to Plaintiffs' allegations, the use of any such waste pit was legally commenced prior to the enactment of the CZM Act of 1978, the continued existence of such waste pit following cessation of the operations supported by it constituted a new use for which a coastal use permit was required. In addition, the closure of any individual waste pits in the Operational Area would have involved substantial movement of materials and substantial alteration of the native terrain, and likewise required a state and/or local coastal use permit. On information and belief, Defendants never obtained the required state and/or local coastal use permits for the closure and/or post-CZM operations of their waste pits in the Operational Area. Additionally, these waste pits and areas adjacent thereto have never been cleared, revegetated, detoxified, and/or otherwise restored to their original condition as required by LAC 43:I.719.M. Furthermore, Defendants have failed to design and construct their waste pits located in the Operational Area using best practical techniques to prevent leaching and to prevent the movement of leachate away from their waste facilities, as required by LAC 43:I.715.D.

**22.**

The Defendants use of waste pits in the Operational Area, and their failures to properly close those waste pits, to clear, revegetate, detoxify, and return the property affected thereby to its original condition, and to properly design those waste pits have caused ever increasing damage to the Vermilion Parish Coastal Zone, for which Defendants are liable under the CZM Laws.

**23.**

Defendants have also discharged or disposed of oil field wastes from their waste pits and/or from their other oil and gas operations directly into the Operational Area. Each incident involving the discharge of oil field waste, including, without limitation, oil field brines, has a direct and significant impact on state coastal waters located in Vermilion Parish and constitutes a use for

which a state and/or local coastal use permit was required after the enactment of CZM Act of 1978 (Acts 1978, No. 361). On information and belief, Defendants never obtained the required state and/or coastal use permits for the discharge of oil field wastes into the Operational Area. Additionally, the areas of the Vermilion Parish Coastal Zone that have received such discharges have never been cleared, revegetated, detoxified, and otherwise restored to their original condition as required by LAC 43:I.719.M. Furthermore, Defendants failed to prevent the release of pollutants or toxic substances into the environment in accordance with LAC 43:I.719.F, and failed to design and construct their waste pits in a manner to prevent leaching and the resulting discharge wastes, as required by LAC 43:I.715.D. Finally, Defendants knew or should have known that their oilfield wastes contain unacceptable and inherently dangerous levels of radioactive materials, including Radium 226 and 228, and thus the discharge of such materials into the Operational Area after 1978 was a flagrant violation of the CZM Laws, particularly LAC 43:I.715.I. As a result of these failures, Defendants are liable under the CZM Laws for damages and the other relief sought herein.

**24.**

In addition to the use of unpermitted waste pits, the failure to close waste pits properly, and the unpermitted discharge of oil field waste, including, without limitation, oilfield brines, in the Operational Area, Defendants' oil and gas activities have caused the Vermilion Parish Coastal Zone, and in particular the canals, bayous, sediments, marshes, soils, and groundwaters in the Operational Area, to become contaminated or polluted in excess of applicable state standards, which has a direct and significant impact on state coastal waters. Each of these uses constitutes a use for which a coastal use permit was required beginning with the enactment of the CZM Act of 1978. The state coastal zone regulations, at LAC 43.I.700, *et seq*., define "contaminant" as "an element causing pollution of the environment that would have detrimental effects on air or water quality or on native floral or faunal species." The contamination deposited in the Operational Area as a result of Defendants' activities has had a detrimental effect on the quality of the receiving state waters, on plant and animal life, and on humans who are exposed to such contamination. In addition, Defendants have utilized the Operational Area for the storage of their pollution or contamination, which likewise is a use for which a state and/or local coastal use permit has been

required since 1978. On information and belief, Defendants never obtained the required state and/or local coastal use permits for the deposition or storage of contamination or pollution in the Operational Area. The areas of the Vermilion Parish Coastal Zone that have been affected by such pollution or contamination have never been cleared, revegetated, detoxified, and otherwise restored to their original condition as required by LAC 43:I.719.M. Furthermore, Defendants have failed to prevent the release of pollutants or toxic substances into the environment in accordance with LAC 43:I.719.F. Defendants have also allowed the accumulation of radioactive materials in the soils and groundwaters of the Operational Area, in violation of LAC 43:I.715.I. Defendants are thus liable for their acts of contamination in violation of the CZM Laws, including La. R.S. 49:214.36.

**25.**

Since 1978 and before, Defendants' oil and gas activities have resulted in the dredging of numerous canals in, through, and across the Operational Area. The dredging of canals in the Operational Area has a direct and significant impact on the state coastal waters within Vermilion Parish. On information and belief, Defendants in some instances exceeded the limits of the coastal use permits issued in connection with the dredging of such canals, and in other instances failed to obtain the coastal use permits required for the dredging of such canals. Furthermore, Defendants failed to design, construct and maintain said canals using the best practical techniques to prevent bank slumping, erosion and saltwater intrusion and to minimize the potential for inland movement of storm-generated surges in accordance with LAC 43:I.705.J. As a consequence thereof, Defendants' dredging activities have resulted in the degradation of the Operational Area, including the erosion of marshes and the degradation of terrestrial and aquatic life therein. Additionally, the destruction of the Vermilion Parish Coastal Zone has increased the risk of damage from storm-generated surges and other flooding damage, and has enabled and/or accelerated saltwater intrusion. Furthermore, Defendants failed to revegetate, refill, clean, detoxify, and otherwise restore these canals to their original condition as required by LAC 43:I.705.N, 711.F and 719.M.

**26.**

The above activities of Defendants lie in stark contrast to, and in violation of, the policies enumerated at LAC 43:I.701(G), which states as follows:

"It is the policy of the coastal resources program to avoid the following adverse impacts . . . :

(4) alterations in the natural concentration of oxygen in coastal waters;

(5) destruction or adverse alterations of streams, wetland, tidal passes, inshore waters and waterbottoms, beaches, dunes, barrier islands, and other natural biologically valuable areas or protective coastal features;

* * *

(8) detrimental changes in existing salinity regimes;

(9) detrimental changes in littoral and sediment transport processes;

* * *

(13) discharges of pathogens or toxic substances into coastal waters;

* * *

(16) adverse alteration or destruction of unique or valuable habitats, critical habitat for endangered species, important wildlife or fishery breeding or nursery areas, designated wildlife management or sanctuary areas, or forestlands;

* * *

(18) adverse disruptions of coastal wildlife and fishery migratory patterns;

(19) land loss, erosion, and subsidence;

(20) increases in the potential for flood, hurricane and other storm damage, or increase in the likelihood that damage will occur from such hazards;

(21) reduction in the long term biological productivity of the coastal ecosystem.

27.

On information and belief, at least some of the activities of Defendants described above may have been permitted and/or authorized by the Louisiana Department of Natural Resources, Office of Conservation (hereinafter, the "**LDNR-OC**"). Paragraph B of La. R.S. 49:214.31 states that "[p]ermits issued pursuant to existing statutory authority of the office of conservation in the Department of Natural Resources for the location, drilling, exploration and production of oil, gas, sulfur or other minerals shall be issued in lieu of coastal use permits, provided that the office of conservation shall coordinate such permitting actions pursuant to R.S. 49:214.31(B) and (D) and **shall ensure that all activities so permitted are consistent with the guidelines, the state program and any affected local program**." (Emphasis added). The *Memorandum of Understanding Between the Coastal Management Section of the Department of Natural Resources and the Office of Conservation of the Department of Natural Resources*, dated July 8, 1980, reinforces section La. R.S. 49:214.31, wherein it states that the LDNR-OC "will issue in-lieu permits only if the proposed activity is consistent with the Coastal Use Guidelines, the Louisiana Coastal Resources Program and affected approved local programs."

28.

To the extent that Defendants operated or conducted activities in the Operational Area under "in lieu" permits authorized or granted by the LDNR-OC or another state agency, Defendants were obligated to comply fully with the CZM Laws in the conduct of such operations or activities.

29.

Furthermore, Plaintiffs allege that most, if not all, of Defendants' operations or activities complained of herein were not "lawfully commenced or established" prior to the implementation of the coastal zone management program. *See* LAC 43:723(B)(8). The complained-of operations and activities were prohibited prior to 1978 by various provisions of Louisiana Statewide Orders 29, 29-A, and 29-B, various field wide orders, as well as various orders of the Louisiana Stream Control Commission.

**30.**

Defendants are required to comply not only with all applicable state environmental laws and state regulations, but also with any additional requirements imposed by the State of Louisiana or Vermilion Parish through the coastal zone management program. Defendants have failed to comply with numerous provisions of the state coastal zone management program, as previously alleged, and thus they are liable under the CZM Laws for any damages resulting from these violations.

**31.**

The Defendants are liable for the foregoing violations of the state and local CZM Laws, including without limitation, the failure to clear, revegetate, detoxify, and restore to their original condition those portions of the Vermilion Parish Coastal Zone affected by Defendants' activities within the Operational Area.

**32.**

The damages, costs, and attorney fees provided by La. R.S. 49:214.36 are in addition to any fine, forfeiture, other penalty, or costs imposed under any other provision of law.

**33.**

Notwithstanding any allegations or language to the contrary contained elsewhere in this petition, Plaintiffs expressly limit the scope of the claims and allegations of this petition as follows:

(a) Plaintiffs allege only those state law causes of action that they have a right to pursue under La. R.S. 49:214.21, *et seq.*, as amended, and the state and local regulations, guidelines, ordinances and orders promulgated pursuant thereto and consistent therewith;

(b) Plaintiffs have not pled, and will never at any time in the future plead, any claim or cause of action arising under federal law or federal regulations, and assert no such claims herein; Plaintiffs allege no claims subject to federal question jurisdiction; Plaintiffs do not pursue or allege any claims or causes of action arising under federal common law;

(c) To the extent any state law claims alleged in this petition are preempted by federal law , such claims are not alleged herein;

(d) Plaintiffs do not pursue or allege any claims that have been discharged in bankruptcy;

(e) Plaintiffs do not pursue or allege any claims "arising under the Constitution, laws, or treaties of the United States";

(f) Plaintiffs do not allege or pursue any claims wherein their right to relief under any cause of action necessarily depends on a resolution of a substantial, disputed question of federal law;

(g) Plaintiffs do not allege or pursue any claims arising under the Rivers and Harbors Act of 1899, as amended, or any regulations issued pursuant thereto (hereinafter, collectively, the "**RHA**"), and do not pursue or allege any claims arising under any U.S. Army Corps of Engineers regulations or permits;

(h) Plaintiffs do not pursue or allege any claims arising under the Clean Water Act of 1972, as amended, or any regulations issued pursuant thereto (hereinafter, collectively, the "**CWA**");

(i) Plaintiffs do not pursue or allege any claims arising under any federal regulations;

(j) Plaintiffs do not allege or pursue any claim that any Defendant violated a federal permit or failed to obtain a federal permit;

(k) Plaintiffs do not allege that they are third party beneficiaries of any obligation between Defendants and any governmental body, or that they are third party beneficiaries of any permitting scheme;

(l) Plaintiffs do not allege that they are third party beneficiaries of any permit, contract, or right of way agreement, or other conventional servitude or servitude imposed by law;

(m) Plaintiffs do not allege that they have the right to enforce a federal permit as a third party beneficiary;

(n) Plaintiffs do not allege that they represent any class; further, Plaintiffs do not pursue or allege any claim over which there is CAFA jurisdiction of this case; Plaintiffs bring this action only on their own behalf and not on behalf of any class or group of individuals or legal entities.

(o) Plaintiffs do not allege that any acts, omissions, operations or activities occurring on the Outer Continental Shelf violated the CZM Laws. None of the acts, omissions, operations or activities that form the basis of the Plaintiffs' claims in this petition involve operations or activities on the Outer Continental Shelf. Plaintiffs do not pursue or allege any claim arising under

the Outer Continental Shelf Lands Act (the "**OCSLA**")(43 U.S.C. § 1331 *et seq.*); Plaintiffs do not pursue or allege any claim subject to the jurisdiction of the OCSLA; further, Plaintiffs do no pursue or allege any claim within the jurisdiction established by 43 U.S.C. § 1349;

(p) Plaintiffs do not pursue or allege any claim for activities conducted on a federal enclave or for damage to a federal enclave, and do not pursue or allege any claims regarding any land held in trust by the federal government, its officers, agencies, or agents; Plaintiffs do not pursue or allege any claims over which the federal government contests title. Plaintiffs do not pursue or allege any claims for damages to any federal floodwalls, federal levees, or any other federal installations or properties. Plaintiffs do not allege that any event, activity, or claim pursued in this petition occurred on a federal enclave. Plaintiffs do not allege or pursue any claim for an alleged injury in circumstances where the alleged injury arose on a federal enclave and the injury is indivisible from an injury that did not occur on a federal enclave.

(q) Plaintiffs make no claims under Louisiana tort law, contract law, mineral law, or property law;

(r) Plaintiffs do not allege or pursue any claims that are: (1) covered by or subject to the jurisdiction of the All Writs Act, 28 U.S.C. §1651, et seq., as amended; or, (2) covered by or subject to the jurisdiction of the Convention on the Recognition of Foreign Arbitral Awards, 9 U.S.C. §201, et seq., as amended. Plaintiffs do not allege or pursue any claims under the federal Oil Pollution Act of 1990, as amended;

(s) Plaintiffs do not allege any claim or cause of action arising under the federal Natural Gas Act, 15 U.S.C. 717 – 717w.

(t) In summary, Plaintiffs limit the claims asserted in this petition to state law claims arising under the CZM Laws. The attachment of the map of the entire Louisiana Coastal Zone (See Exhibit A) or the attachment of any other exhibits to this petition shall in no way be interpreted as an expansion of the scope of the specific state law claims alleged in this petition. With regard to any permit alleged in this petition to have been violated, the inclusion of language in such permit referring to federal laws or federal regulations shall in no way be interpreted as an expansion of the scope of the specific state law claims alleged in this petition. Any allegation in this petition that any defendant has violated a coastal use permit shall not be construed as an allegation that

plaintiffs have alleged federal causes of action based on the violation of any federal law or regulation generally or specifically referenced in the permit or any application therefor. Further, to the extent the CZM Laws contain any citation of or reference to any federal laws, statutes or regulations, no claims or causes of action are alleged under those federal laws, statutes or regulations. Any allegation in this petition that any defendant has violated the CZM Laws shall not be construed as an allegation of a federal cause of action based on the violation of federal laws, statutes or regulations referenced in the CZM Laws. The quotation or reference in this petition to provisions of certain CZM Laws concerning "uses" of national or regional concern shall not be construed as an allegation that Plaintiffs are making claims arising under the Constitution, laws, or treaties of the United States. The use of the term "navigation" or such similar terms in the CZM Laws shall not be construed to imply that Plaintiffs are asserting maritime or admiralty claims.

(u) Plaintiffs do not plead any claim or cause of action pertaining to private property located within the Vermilion Parish Coastal Zone: (1) that is the subject of any pending judicial demand for environmental restoration or remediation, regardless of whether the relief demanded is specific performance, damages or a mandatory or prohibitive injunction; or, (2) that is the subject of any pending litigation under Act 312 of 2006 (La. R.S. 30:29, et seq., as amended). Plaintiffs do not seek injunctive relief. Further, Plaintiffs do not plead any claims related to any pending environmental statutory or regulatory claims or actions filed or taken by any federal agency, including, but not limited to, the Environmental Protection Agency and the U.S. Army Corps of Engineers.

**34.**

Subject to all of the limitations set forth in this petition, including, but not limited to, paragraph 33, Plaintiffs claim all damages and remedies appropriate under the CZM Laws, including, but not limited to, restoration and remediation costs; actual restoration of disturbed areas to their original condition; costs necessary to clear, revegetate, detoxify and otherwise restore the affected portions of the Vermilion Parish Coastal Zone as near as practicable to its original condition pursuant to LAC 43:I.705.N, 711.F and 719.M; declaratory relief in circumstances where such relief is required, in addition to money damages, to accomplish the purposes of La. R.S. 49:214.21 *et seq.*; costs and expenses of litigation, including costs of environmental

assessments and expert costs, and reasonable attorney's fees; and all other damages or remedies provided for in La. R.S. 49:214.21, *et seq*.

**35.**

Plaintiffs allege that the damage caused by defendant's complained-of activities within the Operational Area resulted from the defendants' violation of coastal use permits *and* from unpermitted uses of the coastal zone. Plaintiffs' claims are limited to the civil remedies provided for in La. R.S. 49:214.36; plaintiffs do not assert claims for any criminal or quasi-criminal remedies set forth in La. R.S. 49:214.36.

**36.**

Plaintiffs allege that defendants are *solidarily* liable for the damage caused by defendant's complained-of activities within the Operational Area. The CZM Laws render the defendants liable for the cumulative impacts of their permit and regulatory violations. While the individual defendants may have acted independently of each other in certain circumstances, their statutory, regulatory and permit violations resulted in "cumulative impacts" to the area of the coastal zone damaged by defendant's complained-of activities within the Operational Area. "Cumulative Impacts" are defined in La. Admin. Code tit. 43, pt. I, § 700 as "impacts increasing in significance due to the collective effects of a number of activities." La. Admin Code. tit. 43, pt. I, § 701 states that the "likelihood of, and extent of impacts of, resulting secondary impacts and cumulative impacts" "shall be utilized by the permitting authority in evaluating whether the proposed use is in compliance with the guidelines," and that "all uses and activities shall be planned, sited, designed, constructed, operated, and maintained to avoid to the maximum extent practicable significant" "adverse effects of cumulative impacts." The defendants' unpermitted uses of the coastal zone the defendants' violations of coastal use permits resulted in "cumulative impacts" to area of the coastal zone damaged by defendant's complained-of activities within the Operational Area. Such damage could have been avoided had defendants followed the statutory and regulatory requirements of the CZM Laws. Further, the restoration requirements set forth in La. R.S. 49:214.36 D and E cannot be accomplished by ignoring the combined effects of multiple violations of the CZM Laws. La. R.S. 49:214.36 (E) provides for a "restoration" remedy that is "feasible

and practical." Restoration objectives must respond to environmental impacts caused by the cumulative effects of oil and gas operations. Both the CZM Laws and the LDNR Coastal Management Division's standard operating procedures recognize the need to evaluate the cumulative and compound impacts of defendants' violations. The statute mandating the development of the state's master plan states: "The task of… restoring and developing a sustainable coastline will require implementation of a holistic, comprehensive engineering plan…" *See* La. R.S. 49:214.4.1(A)(3).

La. C. C. art. 1815 provides that an obligation is indivisible when the object of the performance is "not susceptible of division." Indivisible obligations are subject to the rules governing solidarity. La. C.C.P. art. 1818. Under Louisiana law, if the consecutive and/or concurrent wrongful acts of defendants contribute in unknown proportions to property damage, defendants are *solidarily* liable because their obligations are indivisible.

**37.**

Plaintiffs demand trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against Defendants (subject to the limitations set forth in this petition), as follows:

(a) Awarding damages and other appropriate relief specifically provided in the CZM Laws for violations of all applicable state coastal zone management program statutes and regulations within the Vermilion Parish Coastal Zone;

(b) Ordering the payment of costs necessary to clear, revegetate, detoxify and otherwise restore the Vermilion Parish Coastal Zone as near as practicable to its original condition pursuant to LAC 43:I.705.N, 711.F and 719.M;

(c) Requiring actual restoration of the Vermilion Parish Coastal Zone to its original condition;

(d) Awarding reasonable costs and attorney fees;

(e) Awarding pre-judgment and post-judgment interest at the maximum rate allowable by law;

(f) Such other and further relief available in the premises, subject to the limitations set forth in the petition; and

(g) Plaintiffs request trial by jury.

Respectfully submitted:

**TALBOT, CARMOUCHE & MARCELLO**
17405 Perkins Road
Baton Rouge, LA 70810
Telephone: (225) 400-9991
Fax: (225) 448-2568

Donald T. Carmouche, #2226 (dcoffice@tcmlawfirm.net)
Victor L. Marcello, #9252 (vmarcello@tcmlawfirm.net)
John H. Carmouche, #22294 (jcarmouche@tcmlawfirm.net)
William R. Coenen, III, #27410 (wcoenen@tcmlawfirm.net)
Brian T. Carmouche, #30430 (bcarmouche@tcmlawfirm.net)
Todd J. Wimberley, #34862 (twimberley@tcmlawfirm.net)
Ross J. Donnes, #33098 (rdonnes@tcmlawfirm.net)
D. Adele Owen, #21001 (aowen@tcmlawfirm.net)
Leah C. Poole, #35092 (lpoole@tcmlawfirm.net)

Richard C. Broussard, #3526 (richard@broussard-david.com)
Blake R. David, #27427 (blake@broussard-david.com)
**BROUSSARD & DAVID**
557 Jefferson Street
Lafayette, LA 70501
Telephone: (337) 233-2323
Fax: (337) 233-2353

Patrick C. Morrow, #9748 (patm@mmrblaw.com)
James P. Ryan, #11560 (jamesr@mmrblaw.com)
Jeffrey M. Bassett, #2840 (jeffb@mmrblaw.com)
P. Craig Morrow, Jr., #23536 (craigm@mmrblaw.com)
Richard T. Haik, Jr., #29892 (richardh@mmrblaw.com)
Taylor J. Bassett, #33720 (taylorb@mmrblaw.com)
Richard T. Haik, Sr. #6414 (rthaiksr@mmrblaw.com)
**MORROW, MORROW, RYAN, BASSETT & HAIK**
324 West Landry Street
Opelousas, LA 70570
Telephone: (337) 948-4483
Fax: (337) 942-5234

*Attorneys for Plaintiffs*

**PLEASE HOLD SERVICE**

VERMILION PARISH, LA.
FILED THIS DAY
2016 JUL 28 A 8:38
CLERK OF COURT

**EXHIBIT A**

**Louisiana Coastal Zone Boundary**






VERMILION PARISH, LA.
FILED THIS DAY
2016 JUL 28 A 8:38
CLERK OF COURT

**EXHIBIT B**

**Map of the Operational Area**

(Overview)




VERMILION PARISH, LA.
FILED THIS DAY
2016 JUL 28 A 8:38
CLERK OF COURT

**EXHIBIT B**

**Map of the Operational Area**

(Detail View)

## 2015 Aerial




ARISH, LA.
IS DAY
8 A 8: 38
OF COURT

**EXHIBIT C**

**Map of Coastal Use Permits within the Operational Area**

Yellow and orange shapes represent work locations described in Coastal Use Permits.
*Source: LDNR*

## 2015 Aerial




ILION PARISH, LA.
ILED THIS DAY
JUL 28 A 8: 38
CLERK OF COURT

# EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---|---|
| P19800145 | |
| P19810059 | |
| P19810670 | |
| P19810917 | |
| P19811267 | |
| P19821158 | |
| P19831203 | |
| P19831664 | |
| P19871017 | |
| P19871092 | |
| P19871167 | |
| P19880132 | UNION // Product: // Size: 3" FLOWLINE // Origin: // Destination: |
| P19880167 | UNION // Product: FLOWLINE // Size: 3" FLOWLINE // Origin: TIE-IN @ UNION EXPLORATION 3" P/L // Destination: SEPARATOR @ TRANSCO STATION |
| P19880393 | |
| P19890149 | UNION // Product: FLOWLINE // Size: 3" FLOWLINE // Origin: // Destination: |
| P19890937 | UNION // Product: FLOWLINE // Size: 2.5" FLOWLINE // Origin: // Destination: |
| P19891095 | |
| P19900185 | |
| P19900462 | TRUNKLINE // Product: NATURAL GAS // Size: 30" TRANSMISSION LINE // Origin: TRUNKLINE'S KAPLAN STATION // Destination: CENTERVILLE STATION PUSH SITE |
| P19900896 | TESLA RESOURCES // Product: // Size: 3" FLOWLINE // Origin: TELSA RESOURCES INC. PRODUCTION BARGE // Destination: TELSA RESOURCES INC. TIE-IN |
| P19901271 | |
| P19910513 | |
| P19910778 | |
| P19911043 | |
| P19911282 | ROGERS OIL COMPA // Product: // Size: 4" PIPELINE // Origin: BILLEAUD PLANTERS NO 1 // Destination: TRANSCO METER SITE |
| P19920146 | UNOCAL // Product: // Size: 2.5" FLOWLINE // Origin: EXISTING PIPELINE // Destination: UNION EXPL CORP DUGAS WELL #9 |
| P19920467 | UNOCAL EXPLORATION // Product: OIL/GAS // Size: 2" FLOWLINE // Origin: EXISTING PIPELINE // Destination: PROPOSED SEPARATOR |
| P19961537 | |
| P19961702 | |
| P19961960 | WRT ENERGY // Product: EXISTING FLOWLINE // Size: 3" // Origin: EXISTING PT ONLINE // Destination: EXISTING POINT ON LINE |
| P19961969 | LLOG EXPLORATION // Product: FLOWLINE // Size: 3" // Origin: WELL LOC #2 // Destination: EXISTING BARGE |
| | LLOG EXPLORATION // Product: FLOWLINE // Size: 3" // Origin: WELL LOC #3 // Destination: EXISTING BARGE |
| | LLOG EXPLORATION // Product: FLOWLINE // Size: 3" // Origin: WELL LOC #4 // Destination: EXISTING BARGE |



VERMILION PARISH, LA. FILED THIS DAY
2016 JUL 28 A 8:38
CLERK OF COURT

**EXHIBIT D**

**Coastal Use Permits for Work in the Operational Area**

| CUP No. | Description |
|---|---|
| P19961975 | TRUNKLINE GAS COMPANY // Product: BAYOU SALE LOOP PIPE // Size: 30" // Origin: CENTERVILLE COMPRESSOR STATION // Destination: KAPLAN COMPRESSOR STATION |
| P19961982 | HEATER PLATFORM (12' X 20') + WALKWAY (3' X 32') |
| | HEATER PLATFORM (25' X 40') + WALKWAY = 3' X 14' |
| | LLOG EXPLORATION // Product: FLOWLINE // Size: 3" // Origin: WELL #1 // Destination: TIE INTO EXISTING BARGE |
| P19961983 | |
| P19970227 | |
| P19970433 | LINE HEATER PLATFORM FOR WELL NO. 1 |
| | LLOG EXPLORATION CO // Product: FLOWLINE // Size: 3" // Origin: WELL NO. 1 // Destination: PRODUCTION BARGE |
| P19970767 | |
| P19971572 | |
| P19971932 | |
| P19980011 | FOREST OIL CORP // Product: FLOWLINE // Size: 3" // Origin: EVIE THIBODEAUX HEIRS WELL#1 // Destination: HILLCORP FACILITY |
| P19980332 | HEATER PLATFORM: 25' X 40' |
| | LLOG EXPLORATION // Product: FLOWLINE // Size: 3" // Origin: BILLEAUD PLANTERS WELL#1 // Destination: L.L.O.G. EXPLORATION HEATER PLATFORM |
| P19980403 | CLEANOUT ROADSIDE DITCHES & MAINTENANCE ON LA 330 |
| P19990839 | |
| P19990999 | EMERGENCY LEVEE REPAIR PREVENT SALT-H20 INTRUSION |
| P20010289 | DREDGE |
| | HEATER PLATFORM |
| | SPOIL BANKS |
| | TEXAS PETROLEUM INVESTMENT COMPANY // Product: PIPELINE // Size: 8" // Origin: // Destination: |
| | WELL LOCATION |
| P20020169 | TEXAS PETROLEUM INVESTMENT COMPANY // Product: SWD FLOWLINE // Size: 3" // Origin: DAVE MEAUX, ET AL WELL NO.1 // Destination: EXISTING PRODUCTION BARGE |
| P20030350 | HILCORP ENERGY COMPANY // Product: FLOWLINE "A" // Size: 4" // Origin: DUGAS #9 // Destination: UNKNOWN |
| | HILCORP ENERGY COMPANY // Product: FLOWLINE "B" // Size: 4" // Origin: TIGRE LAGOON FACILITY // Destination: UNKNOWN |
| | HILCORP ENERGY COMPANY // Product: FLOWLINE "C" // Size: 4" // Origin: TIGRE LAGOON FACILITY // Destination: UNKNOWN |
| | HILCORP ENERGY COMPANY // Product: FLOWLINE // Size: 4" // Origin: DUGAS #9 // Destination: EXISTING FACILITY |
| | HILCORP ENERGY COMPANY // Product: FLOWLINE // Size: 4" // Origin: TIGRE LAGOON FACILITY // Destination: EXISTING FACILITY |
| | SHORELINE EROSION CONTROL |
| | SHORELINE EROSION CONTROL + 2 CLUSTERS OF PILINGS |
| P20030995 | CHEVRON MIDSTREAM PIPELINES LLC // Product: PIPELINE // Size: 8" // Origin: HENRY PUMP STATION // Destination: TIE-IN TO 6" FLOWLINE W COTE BLANCHE BAY |

**EXHIBIT D**

**Coastal Use Permits for Work in the Operational Area**

| CUP No. | Description |
|---|---|
| P20040860 | CHEVRON MIDSTREAM PIPELINES LLC // Product: FLOWLINE INSPECTION/REPAIR // Size: 6" // Origin: HENRY PLANT // Destination: PIERRE PART MAINLINE BLOCK VALVE |
| P20050519 | SITE CLEARANCE EDMUND DUGAS WELL #5 |
| P20050939 | SOUTHEAST WATER DISTRICT NO. 2 // Product: WATER // Size: 3" 4" 6" 8" // Origin: UNKNOWN // Destination: UNKNOWN |
| P20060062 | CLEANOUT |
| | SHELL PAD & STRUCTURES, PUEBLO PROSPECT |
| | SPOIL |
| P20060646 | PETRO // Product: FLOWLINE // Size: UNKNOWN // Origin: WELL NO 214409 // Destination: WASKY SLAB |
| | PETRO // Product: GAS FLOWLINE // Size: UNKNOWN // Origin: WASKY SLAB // Destination: TIE-IN |
| | PETRO // Product: PRODUCTION FLOWLINE // Size: UNKNOWN // Origin: WASKEY PRODUCTION SLAB // Destination: SWD |
| P20071371 | CROSSTEX LIG, LLC // Product: PIPELINE // Size: 36" // Origin: HENRY HUB // Destination: WEEKS ISLAND |
| | DIRECTIONAL BORE SITE |
| | DIRECTIONAL BORE SITE & ACCESS SERVITUDE |
| P20080253 | HILCORP ENERGY COMPANY // Product: EXISTING PIPELINE // Size: N/A // Origin: // Destination: |
| | PROPWASH TO ACCESS DUGAS NO 9 WELL |
| | WELL LOCATION & STRS: DUGAS NO 9 |
| P20080815 | DRIP AT STATION 2+19 |
| P20100088 | BORROW AREA |
| | CLEARING DEBRIS PLACEMENT |
| | EARTHEN PLUG: 212' + 2-BORROW AREAS |
| | ROCK REMOVAL |
| | SPOIL BANK REFURBISHMENT |
| P20100599 | EXCAVATION AREAS |
| | SPOIL PLACEMENT AREAS |
| P20110319 | REPAIR PIPELINE LEAK |
| P20110402 | PLUG & ABANDON LINE 309A-100: NORTH PROJECT SITE |
| | PLUG & ABANDON LINE 309A-100: SOUTH PROJECT SITE |
| P20110951 | CLEANOUT CANAL |
| | SPOIL PLACEMENT |
| P20120566 | WELL REMOVAL: EDNA DELCAMBRE SWD NO 001 SN 972072 |
| P20120603 | HILCORP ENERGY COMPANY // Product: FLOWLINE // Size: 2" // Origin: TIE-IN // Destination: TANK BATTERY |
| | HILCORP ENERGY COMPANY // Product: FLOWLINE // Size: 3" // Origin: TIE-IN // Destination: TANK BATTERY |
| | HILCORP ENERGY COMPANY // Product: FLOWLINE // Size: 4" // Origin: TIE-IN // Destination: TANK BATTERY |
| | PIPELINE TIE-IN: 4'X4'X4' |
| P20120621 | HILCORP ENERGY COMPANY // Product: FLOWLINE // Size: 2" // Origin: B PLANTERS NO 2 // Destination: TANK BATTERY |
| | HILCORP ENERGY COMPANY // Product: FLOWLINE // Size: 2" // Origin: E BROUSSARD WELL NO 7 // Destination: TANK BATTERY |

# EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---|---|
| | HILCORP ENERGY COMPANY // Product: FLOWLINE // Size: 2" // Origin: HILCORP WELL NO 5 // Destination: TANK BATTERY |
| | HILCORP ENERGY COMPANY // Product: FLOWLINE // Size: 4" // Origin: EDMOND DUGAS SWD NO 8 // Destination: TANK BATTERY |
| P20120878 | FOREST OIL CORPORATION // Product: FLOWLINE (REPLACEMENT) // Size: 4" // Origin: DUGAS ET AL WELL NO 1/1-D // Destination: EXISTING FACILITY |
| P20121072 | PILINGS TO SUPPORT LINES FROM B PLANTERS WELL NO 2 |
| | PILINGS TO SUPPORT LINES FROM E BROUSSARD NO 7 |
| | PILINGS TO SUPPORT LINES FROM EDMOND DUGAS SWD #8 |
| P20121323 | BARGE & PLATFORMS REMOVAL |
| | PLATFORM & WALKWAY REMOVAL |
| | PLATFORMS (2) & BOAT DOCK REMOVAL |
| | PROPWASH SLIPS |
| P20121572 | PSI MIDSTREAM PARTNERS, L.P. // Product: PIPELINE // Size: 8" // Origin: // Destination: |
| | TEMPORARY WORKSPACE |
| P20131118 | HILCORP ENERGY COMPANY // Product: FLOWLINE // Size: 4" // Origin: ERASTE THIBODEAUX NO 3 WELL // Destination: EXISTING FACILITY |

**EXHIBIT E**

**Map of Oil & Gas Wells within the Operational Area**

Orange triangles indicate the surface locations of Oil & Gas Wells. *Source: LDNR*

## 2015 Aerial




VERMILION PARISH, LA.
FILED THIS DAY
2016 JUL 28 A 8:39
CLERK OF COURT

**EXHIBIT F**

**Oil & Gas Wells Operated by Defendants and their Predecessors within the Operational Area (by LDNR Well Serial No.)**

**GULFPORT ENERGY CORPORATION**

| | | |
|---|---|---|
| 121964 | 165946 | 972072 |

**HILCORP ENERGY COMPANY**

| | | |
|---|---|---|
| 35271 | 83682 | 98413 |
| 37458 | 94025 | 121103 |
| 55826 | 95138 | 133884 |
| 80449 | 95470 | 176296 |
| 82345 | 98135 | 207422 |

**JONES COMPANY**

| | | |
|---|---|---|
| 187477 | 195360 | 197929 |

**JONES COMPANY, LTD.**

| | |
|---|---|
| 187477 | 197929 |

**JONES EXPLORATION COMPANY**

| | | |
|---|---|---|
| 187477 | 195360 | 197929 |

**LLOG EXPL. CO.**

| | | |
|---|---|---|
| 37458 | 213815 | 220885 |
| 80449 | 219776 | 220942 |
| 83682 | 219887 | 221372 |
| 121103 | 219888 | |
| 207422 | 220799 | |

**LOUISIANA ENERGY PROD. LLC**

| | | |
|---|---|---|
| 121964 | 165946 | 972072 |

**OPMI OPERATING COMPANY**

| | |
|---|---|
| 121964 | 181698 |
| 165946 | 972072 |

**ROGERS OIL COMPANY**

| | | |
|---|---|---|
| 207422 | 211346 | 213815 |

**TESLA RESOURCES, INC.**

| | |
|---|---|
| 121964 | 181698 |
| 165946 | 972072 |

**TEXAS PETROLEUM INVESTMENT COMPANY**

| | | |
|---|---|---|
| 37458 | 219887 | 221372 |
| 121103 | 220799 | 225835 |
| 207422 | 220885 | |
| 219776 | 220942 | |

**UNION EXPL. PARTNERS, LTD.**

| | | |
|---|---|---|
| 33350 | 42046 | 83682 |
| 35271 | 42752 | 89988 |
| 36872 | 45740 | 94025 |
| 37458 | 55826 | 94563 |
| 37987 | 80449 | 95138 |
| 38593 | 82345 | 95470 |

VERMILION PARISH, LA.
FILED THIS DAY
2016 JUL 28 A 8:39
CLERK OF COURT

**EXHIBIT F**

**Oil & Gas Wells Operated by Defendants and their Predecessors within the Operational Area (by LDNR Well Serial No.)**

| | | |
|---|---|---|
| 98030 | 106018 | 128020 |
| 98135 | 118223 | 133884 |
| 98413 | 121103 | 176296 |
| 106016 | 125427 | 207422 |
| 106017 | 126936 | |

**UNION OIL CO OF CALIFORNIA**

| | | |
|---|---|---|
| 35271 | 94025 | 133884 |
| 37458 | 95138 | 176296 |
| 55826 | 95470 | 207422 |
| 80449 | 98135 | 213815 |
| 82345 | 98413 | |
| 83682 | 121103 | |

**UNOCAL EXPLORATION CORPORATION**

| | | |
|---|---|---|
| 35271 | 94025 | 133884 |
| 37458 | 95138 | 176296 |
| 55826 | 95470 | 207422 |
| 80449 | 98135 | 213815 |
| 82345 | 98413 | |
| 83682 | 121103 | |

**WRT ENERGY CORPORATION**

121964
165946
972072